RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/17/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LUCINDA A. GASPARD MONCEAUX, ET AL | : | DOCKET NO. 2:12-2423 |
| VS. | : | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss Pursuant to Rule 12(b)(1)" (R. #21) filed by defendant, the United States of America, wherein the mover seeks to dismiss plaintiffs, Melissa Monceaux Spires and Myron Monceaux pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction. The government maintains that because plaintiffs Melissa and Myron were not included in the administrative claim form submitted to the Department of Veterans Affairs on July 21, 2011, the court is without jurisdiction to hear their claims.

### FACTUAL ALLEGATIONS

Plaintiffs make the following allegations in their complaint: On or about August 4, 2009, Wilcy Ernest Monceaux, Sr. was admitted to the Veterans Affairs Medical Center in Alexandria, Louisiana. Mr. Monceaux reported that he had access to a gun, had thoughts of killing his wife, Lucinda Monceaux and her boyfriend, and was not taking the anti-depressant medication as prescribed for him.[1]

On or about August 7, 2009, the VA Medical Center discharged Mr. Monceaux. Five days after his discharge, Mr. Monceaux attacked Lucinda Monceaux by putting a gun to her head. Mr. Monceaux pulled the trigger several times and when it would not fire, proceeded to beat her in the face with the

---

[1] Complaint, ¶¶ 2 and 3. R. #1.

gun causing her severe injuries.

Lucinda maintains that the Medical Center breached its duty[2] to her because it improperly discharged Mr. Monceaux, failed to warn and/or protect Lucinda, and failed to properly supervise Mr. Monceaux by a reputable person.

## LAW AND ANALYSIS

Plaintiffs, Melissa and Myron seek monetary damages for "loss of consortium and other damages."[3] Defendants remark that in the administrative claims form submitted to the Department of Veteran Affairs on July 21, 2011, Lucinda was the only person identified as "claimant." Furthermore, the form is devoid of any facts that show that these plaintiffs intended to assert claims for damages suffered as a result of the incident.

A motion filed under Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge a district court's subject-matter jurisdiction to hear a case. A district court may find lack of subject-matter jurisdiction in (1) the complaint alone; (2) the complaint supplemented by undisputed facts or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[4] In considering the motion to dismiss, the court may consider evidence presented beyond the pleadings, including affidavits and exhibits submitted by the defendant.[5]

The government maintains that this court lacks subject-matter jurisdiction over the claims of

---

[2] Louisiana Revised Statute 28:96(E) provides as follows:

A patient who has shown dangerous tendencies shall be discharged upon the written consent of the division after an examination and after sufficient guarantee of proper supervision of the patient by a reputable person.

[3] R. #1, ¶¶ 13,14, and 15.

[4] Robinson v. TCI/US West Communications, Inc., 117 f.3d 900 (5th Cir. 1997).

[5] See Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 175 (5th Cir. 1994).

2

Melissa and Myron because the United States did not receive proper notice of their claims. Section 2675(a) of the FTCA provides the following jurisdictional prerequisite to suit:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

"The requisite 'minimal notice' is satisfied when the claimant notifies the agency of the claim and the accident so that it may investigate the claim, adjust differences and settle claims without suit."[6] Plaintiffs have failed to file any objections or response to the instant motion. Based on the pleadings, the evidence and the law presented by the defendant, the court finds that the claims of Melissa and Myron must be dismissed because the administrative claims form[7] failed to give the United States the requisite minimal notice of their claims.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted dismissing with prejudice the claims of Melissa Monceaux Spires and Myron Monceaux.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of July, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Green v. United States, 2003 WL 21500553, *4 (E.D. La. 2003) citing Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).

[7] Defendant's exhibit A.

3